United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

KASEEM ADAMS,

        Petitioner,

    v.

RON DAVIS,

        Respondent.

Case No. 15-cv-04358-EMC

**ORDER OF DISMISSAL**

Docket No. 14

## I.     INTRODUCTION

Kaseem Adams filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the habeas petition as untimely, and Mr. Adams has opposed the motion. For the reasons discussed below, the Court dismisses the action as untimely because the statute of limitations deadline expired more than 15 years before Mr. Adams filed his habeas petition.

## II.     BACKGROUND

On March 23, 1999, Mr. Adams pled guilty in Alameda County Superior Court to voluntary manslaughter with the use of a firearm, attempted murder, and solicitation of murder. He was sentenced that day to 26 years, eight months in prison. He did not appeal.

About 15 years later, Mr. Adams filed three habeas petitions asserting a claim about his allegedly invalid sentence. He filed a habeas petition on April 9, 2014, in the Alameda County Superior Court, that was denied as untimely and meritless on May 22, 2014. Docket No. 14 at 25-26. Mr. Adams states that he filed a habeas petition in the California Court of Appeal on an unstated date, that was denied on June 13, 2014. Docket No. 1 at 4. Finally, Mr. Adams filed a habeas petition in the California Supreme Court on May 26, 2015, that was denied on August 19,

United States District Court
For the Northern District of California

2015.  Docket No. 14 at 74.  The California Supreme Court's order denying the habeas petition was a one-sentence order with a citation to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), which stands for a rejection of a petition on the ground of untimeliness.  (Mr. Adams also filed state habeas petitions in 2012 and 2013, but those pertained to prison disciplinary proceedings and therefore are irrelevant to the timeliness of his challenge to his 1999 conviction and sentence.)

Mr. Adams then filed his federal habeas petition.   His federal habeas petition asserts a single claim that his upper-term sentence on the voluntary manslaughter conviction violated his Sixth and Fourteenth Amendment rights.  According to Mr. Adams, a voluntary manslaughter conviction had three possible sentences -- 3, 6 or 11 years -- and the trial court's choice of the upper term of 11 years for him violated his Sixth and Fourteenth Amendment rights, as explained in the line of cases that includes *Cunningham v. California*, 549 U.S. 270 (2007), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).[1]

Mr. Adams' federal habeas petition has a proof of service showing that he mailed it to the Court on September 17, 2015.  The petition was stamped "filed" at the courthouse on September 23, 2015.  Docket No. 1 at 1, 10.  Applying the prison mailbox rule, the Court assumes for present purposes that Mr. Adams gave his petition to prison officials to mail on the date he signed the proof of service, and deems the petition to have been filed as of September 17, 2015.  *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003) (mailbox rule provides that *pro se* prisoner's filing of a document is deemed to have occurred when he gives it to prison officials to mail to the court).

### III.   DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposed a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners.  Petitions filed by prisoners challenging noncapital state convictions or sentences must be filed within one year of the

---

[1] *Apprendi* announced the rule that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi*, 530 U.S. at 490.  *Cunningham* applied the *Apprendi* rule to strike down California's determinate sentencing law scheme because it allowed a judge to impose an upper-term sentence without the facts having been found by the jury beyond a reasonable doubt. *See Cunningham*, 549 U.S. at 275.

2

1    latest of the date on which:  (1) the judgment became final after the conclusion of direct review or

2    the time has passed for seeking direct review; (2) an impediment to filing an application created by

3    unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the

4    constitutional right asserted was recognized by the Supreme Court, if the right was newly

5    recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the

6    factual predicate of the claim could have been discovered through the exercise of due diligence.

7    28 U.S.C. § 2244(d)(1).

8         The limitations period in this case began when the judgment became final upon "the

9    expiration of the time for seeking [direct] review."  28 U.S.C. § 2244(d)(1)(A).  If, as here, a

10   petitioner could have sought review in the state court of appeals or the state supreme court, but did

11   not, the limitations period will begin running against him the day after the date on which the time

12   to seek such review expired.  *Gonzalez v. Thaler*, 132 S. Ct. 641, 653-54 (2012).  The rule for

13   California criminal defendants in 1999 was that, where the defendant did not pursue a direct

14   appeal, his judgment became final 60 days after the sentence was imposed.  *See* former Cal. Rule

15   of Court 31, as amended eff. Jan. 1, 1994 (renumbered Cal. Rule of Court 8.308, and amended eff.

16   Jan. 1, 2007); *People v. Mendez*, 19 Cal. 4th 1084, 1094 (Cal. 1999); *Mendoza v. Carey*, 449 F.3d

17   1065, 1067 (9th Cir. 2006)  Here, Mr. Adams was sentenced on March 23, 1999, and his judgment

18   became final 60 days later, on May 22, 1999, because he did not appeal.  His one-year limitations

19   thus began on May 23, 1999, and he had a presumptive deadline of May 22, 2000 to file his

20   federal habeas petition.

21        Mr. Adams argues that an alternative starting date for the limitations period should be used

22   due to changes in the law regarding sentencing.  He argues that the court should apply

23   § 2244(d)(1)(D), which starts the limitations period on "the date on which the factual predicate of

24   the claim or claims presented could have been discovered through the exercise of due diligence."

25   Section 2244(d)(1)(D) does not apply because none of the cases in the *Apprendi* line was "the

26   factual predicate" of Mr. Adams' claim.  A court decision clarifying, changing or establishing an

27   abstract proposition of law arguably helpful to a petitioner's claim does not constitute the "factual

28   predicate" for that claim.  *See Shannon v. Newland*, 410 F.3d 1083, 1088-89 (9th Cir. 2005); *cf. id.*

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1    at 1089 (although court decisions in general do not form the factual predicate, a court decision in

2    the petitioner's own case – e.g., the reversal of his underlying conviction – may be a "factual

3    predicate" for that particular petitioner); *Hasan v. Galaza*, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)

4    (limitations period begins "'when the prisoner knows (or through diligence could discover) the

5    important facts, not when the prisoner recognizes their legal significance'").  One case Mr. Adams

6    identifies and relies heavily upon, *Jones v. United States*, 526 U.S. 227 (1999), was decided before

7    his conviction even became final.  *Jones* was decided on March 24, 1999, and Mr. Adams'

8    conviction did not become final until almost two months later on May 22, 1999, so it would be to

9    Mr. Adams' detriment to use that decision as the starting date for the limitations period.

10   Regardless of that problem, the *Jones* case (like the cases in the *Apprendi* line) did not provide the

11   factual predicate for his claim.  Because none of the Supreme Court decisions cited by Mr. Adams

12   provided the factual predicate for Mr. Adams' claim, the delayed starting date of the limitations

13   period set out in § 2244(d)(1)(D) does not apply to Mr. Adams' case.

14          The other possible delayed starting date for the limitations period, under § 2244(d)(1)(C),

15   also does not help Mr. Adams because it does not apply to him and, even if it did apply, would not

16   make his petition timely.  Under § 2244(d)(1)(C), the limitations period begins on "the date on

17   which the constitutional right asserted was initially recognized by the Supreme Court, if the right

18   has been newly recognized by the Supreme Court and made retroactively applicable to cases on

19   collateral review."  The Ninth Circuit has determined that *Cunningham* did not announce a new

20   rule of law because the result was clearly dictated by *Apprendi*, *Blakely v. Washington*, 542 U.S.

21   296 (2004), and *United States v. Booker*, 543 U.S. 220 (2005).  *See Butler v. Curry*, 528 F.3d 624,

22   639 (9th Cir. 2008).  As the Ninth Circuit explained, *Cunningham* "simply applied the rule of

23   *Blakely* to a distinct but closely analogous state sentencing scheme," and applies to convictions

24   that became final on direct review after the decision in *Blakely* on June 24, 2004.  *Butler*, 528 F.3d

25   at 636, 639.  *Butler* thus forecloses the use of *Cunningham* as the date under which the limitations

26   period would start under § 2244(d)(1)(C) because *Butler* determined that *Cunningham* did not

27   announce a newly recognized right.  *Butler* suggests that the date the right was newly recognized

28   was June 24, 2004, when *Blakely* was decided.  *Blakely* was decided after Mr. Adams' conviction

United States District Court
For the Northern District of California

1    became final and was not made retroactive to cases on collateral review.  *Schardt v. Payne*, 414

2    F.3d 1025, 1038 (9th Cir. 2005) (concluding that the new rule announced in *Blakely* does not

3    apply retroactively to a conviction and sentence that were final before that decision was

4    announced); *see also Reedy v. Hill*, 383 F. App'x 689, 690 (9th Cir. 2010) (petitioner's argument

5    that § 2244(d)(1)(C) applied and limitations period was measured from decision in *Blakely* "lacks

6    merit" because *Blakely* does not apply retroactively to a conviction that has become final).

7    *Apprendi* was decided after Mr. Adams' conviction became final and *Apprendi* was not made

8    retroactive to cases on collateral review.  *United States v. Sanchez-Cervantes*, 282 F.3d 664, 668-

9    71 (9th Cir. 2002) (*Apprendi* does not apply retroactively to cases on collateral review).  Because

10   *Apprendi* and *Blakely* were not made retroactively applicable to cases on collateral review, neither

11   of those cases can provide the starting date under § 2244(d)(1)(C).  And *Cunningham* cannot

12   provide the starting date under § 2244(d)(1)(C) because, as held in *Butler*, *Cunningham* applies

13   only to convictions that became final on direct review after *Blakely* was decided on June 24, 2004,

14   which was more than five years after Mr. Adams' conviction became final.  In short,

15   § 2244(d)(1)(C) does not provide the appropriate starting date for the limitations period here

16   because Mr. Adams lacks a Supreme Court case newly recognizing a constitutional right that has

17   been determined to be retroactively applicable to cases on collateral review.  The Court notes that,

18   even if subsection (C) applied and the latest of those decisions (*Cunningham*) were used as the

19   starting date for the limitations period, the resulting starting date would have been in 2007, so that

20   the limitations period would have expired about seven years (rather than 15 years) before Mr.

21   Adams filed his federal habeas petition.

22        Thus, the alternative starting dates in § 2244(d)(1)(C) and (D) do not apply to Mr. Adams'

23   case.  The applicable starting date is that in § 2244(d)(1)(A).  Mr. Adams' one-year limitations

24   period began on May 23, 1999, the day after his conviction became final, and he had a

25   presumptive deadline of May 22, 2000 to file his federal petition.

26        The one-year limitations period is tolled for the "time during which a properly filed

27   application for State post-conviction or other collateral review with respect to the pertinent

28   judgment or claim is pending."  28 U.S.C. § 2244(d)(2).  Mr. Adams does not receive any

5

United States District Court
For the Northern District of California

1    statutory tolling because the limitations period expired long before he filed his first state habeas

2    petition in 2014.  His three state habeas petitions were filed after the limitations period had expired

3    and therefore had no tolling effect.  *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003)

4    ("[§] 2244(d) does not permit the reinitiation of the limitations period that has ended before the

5    state petition was filed," even if the state petition was timely filed).

6           The one-year limitations period can be equitably tolled because § 2244(d) is not

7    jurisdictional.  *Holland v. Florida*, 560 U.S. 631, 645 (2010).  '[A] litigant seeking equitable

8    tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights

9    diligently, and (2) that some extraordinary circumstance stood in his way."  *Id.* at 655 (quoting

10   *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Rasberry v. Garcia*, 448 F.3d 1150,

11   1153 (9th Cir. 2006).  Mr. Adams has not demonstrated his entitlement to equitable tolling.  His

12   statement that he "didn't know anything about 'statutory tolling'" until another inmate mentioned

13   it, *see* Docket No. 17 at 7, does not support equitable tolling because it does not meet either of the

14   requirements of *Holland*.  Similarly, his argument that *pro se* prisoners "can be prevented from

15   discovering the most basic procedural rules essential to avoid being summarily thrown out of

16   court," *see* Docket No. 17 at 8, also does not support any equitable tolling because Mr. Adams

17   does not explain what prevented him from discovering the existence of the federal habeas statute

18   of limitations in the 15 years after his state court conviction became final.  Mr. Adams also fails to

19   show that he was "pursuing his rights diligently," as is required for equitable tolling.  *Holland*, 560

20   U.S. at 649.  He fails to identify even a single step he took to pursue collateral relief between 1999

21   and 2014.  Mr. Adams has not satisfied either requirement for equitable tolling.  He therefore is

22   not entitled to any equitable tolling of the limitations period.

23          A federal court may hear the merits of successive, abusive, procedurally defaulted, or

24   untimely claims if the failure to hear the claims would constitute a miscarriage of justice.  The

25   Supreme Court limits the "miscarriage of justice" exception to habeas petitioners who can show

26   that "'a constitutional violation has probably resulted in the conviction of one who is actually

27   innocent.'"  *Schlup v. Delo*, 513 U.S. 298, 327 (1995) (quoting *Murray v. Carrier*, 477 U.S. 478,

28   496 (1986)).  Under this exception, a petitioner may establish a procedural "gateway" permitting

**United States District Court**
For the Northern District of California

1    review of defaulted claims if he demonstrates "actual innocence." *Schlup*, 513 U.S. at 316 & n.32.

2    The actual innocence gateway established in *Schlup* is available to a petitioner whose petition is

3    otherwise barred by the statute of limitations in § 2244(d). *See McQuiggin v. Perkins*, 133 S. Ct.

4    1924, 1928 (2013). "[I]f a petitioner . . . presents evidence of innocence so strong that a court

5    cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial

6    was free of nonharmless constitutional error, the petitioner should be allowed to pass through the

7    gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316.  The required

8    evidence must create a colorable claim of actual innocence, that the petitioner is innocent of the

9    charge for which he is incarcerated, as opposed to legal innocence as a result of legal error. *Id.* at

10   321.

11        Mr. Adams asserts that the actual innocence exception applies because he was "actual[ly]

12   innocent of the void upper term sentence." Docket No. 17 at 9.  Mr. Adams comes nowhere near

13   to showing actual innocence.  His receipt of an upper-term sentence that would not be allowed if

14   the *Apprendi* line of cases applied retroactively, and applied to a person who was convicted upon a

15   guilty plea, does not show him to be actually innocent of the voluntary manslaughter of which he

16   was convicted. *See generally Marrero v. Ives*, 682 F.3d 1190, 1193-94 (9th Cir. 2012)

17   (petitioner's sentencing error claim "is a purely legal claim that has nothing to do with factual

18   innocence. Accordingly, it is not a cognizable claim of 'actual innocence' for the purposes of

19   qualifying to bring a § 2241 petition" to challenge federal sentence).  Mr. Adams cannot pass

20   through the actual innocence gateway to have his untimely petition reviewed on the merits.

21        Mr. Adams' federal petition for writ of habeas corpus filed on September 17, 2015 was

22   filed more than 15 years after the expiration of the federal habeas statute of limitations period.

23   The petition must be dismissed as untimely.

24        A certificate of appealability will not issue. *See* 28 U.S.C. § 2253(c).  This is not a case in

25   which "jurists of reason would find it debatable whether the petition states a valid claim of the

26   denial of a constitutional right and that jurists of reason would find it debatable whether the

27   district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

28

7

1

### IV.   CONCLUSION

2      Respondent's motion to dismiss is **GRANTED**.  (Docket # 14.)  This action is dismissed

3   because the petition for writ of habeas corpus was not filed before the expiration of the habeas

4   statute of limitations period.  The Clerk shall close the file.

5

6      **IT IS SO ORDERED**.

7

8   Dated: June 17, 2016

9                                                                   _____

10                                                              EDWARD M. CHEN
                                                                United States District Judge
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
For the Northern District of California

8